**Betty BISBEE, Plaintiff,**

v.

**SAFEWAY STORES, INC., Defendant and Third-Party Plaintiff,**

v.

**COLERAIN METAL PRODUCTS CO., a corporation, Third-Party Defendant.**

**Civ. No. 65–176.**

United States District Court
D. Oregon.

April 11, 1966.

Pozzi, Levin & Wilson, Portland, Or., for plaintiff Betty Bisbee.

Edwin J. Peterson, Tooze, Powers, Kerr, Tooze & Peterson, Portland, Or., for defendant and third-party plaintiff Safeway Stores, Inc.

Ridgway K. Foley, Jr., Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for third-party defendant Colerain Metal Products Co.

## OPINION AND ORDER

KILKENNY, District Judge:

This matter is before the Court on the motion of the third-party defendant to quash the service of summons and complaint upon it for the reason that said defendant had no such minimal contacts in the state of Oregon, as would constitutionally permit the Court to assert jurisdiction over said defendant.

Third-party defendant is the manufacturer of a certain product known as the Colerain Red Goat Commercial Waste Disposer. Various models of such disposer are produced and some of them are adapted to use in supermarkets, such as operated by defendant Safeway, the third-party plaintiff.

Safeway, in its third-party complaint against Colerain, charges that the Red Goat garbage disposal unit which was manufactured by Colerain and sold to Safeway in July, 1963, was warranted to be reasonably fit for its intended purpose, that Safeway relied on the skill and judgment of such third-party defendant. That subsequent to the time the unit was installed the drain pipes connected to the unit became clogged because the unit was neither reasonably fit for the purpose intended, nor merchantable, thus causing water to back up through the pipes, spilling onto the floor of the store. It is further stated that the defective unit was the cause of the injuries to the plaintiff, if plaintiff was injured.

The record supports findings that Fred Biethan was a multi-line manufacturer's representative, that Colerain

is a corporation with its principal place of business in Cincinnati, Ohio. That the sales of the Red Goat disposal units were made f. o. b. the factory, that Biethan had nothing to do with the installation or maintenance of the disposal units, that Colerain does not advertise in the state of Oregon and furnishes no "leads" to its representative. That it has no agent, servant or employee within the state. Biethan receives payment for his services by way of commission only. He has visited the headquarters of Colerain in Cincinnati and he uses their standard catalog in showing and selling their product in Oregon. He promoted the sale of some 12 or 14 Red Goat units to Safeway Stores, including the unit here in question. In connection with the sale, he called on one or more Safeway employees. These sales were generally handled by the local Safeway store forwarding a purchase order addressed to Colerain, in care of Biethan at his Portland office. He would refer the order to Colerain in Cincinnati. Delivery was then made from Cincinnati to Safeway in Portland, all billing being made direct to Safeway by Colerain. On one of his visits to the Safeway stores, sometime distantly removed from the sale in question, Biethan was accompanied by Mr. William Roe, a sales engineer employed by Colerain, who visited Oregon and visited the store in question. Likewise, in July and August, 1964, long after the sale here involved, Colerain appeared at two conventions in Portland and erected displays of their product.

On the record before me, I find that Colerain did not have sufficient "minimal contacts" in the state of Oregon to permit the state to exercise jurisdiction over it within the meaning of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Enco, Inc. v. F. C. Russell Co., 210 Or. 324, 311 P.2d 737 (1957); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Likewise, I find that Colerain was not "transacting business" in Oregon within the meaning of that state's "long-arm statute." ORS 14.030.

Third-party defendant's motion to quash the service of process of complaint must be allowed.

It is so ordered.