**GOLDENAIRE, INC., Plaintiff,**

**v.**

**LYCOMING DIVISION OF AVCO CORPORATION and Piper Aircraft Corp., Defendants.**

**Civ. No. 67–678.**

United States District Court
D. Oregon.
March 15, 1968.

Lloyd B. Ericsson, Dusenbery, Martin, Beatty & Templeton, Portland, Or., for plaintiff. Cleveland C. Cory, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant Lycoming Division of Avco Corporation.

James F. Spiekerman, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant Piper Aircraft Corporation.

## OPINION AND ORDER

KILKENNY, District Judge:

This is an action in which the plaintiff charges the defendants with negligence, breach of warranty and strict liability, in connection with an airplane engine failure. The engine was manufactured by Avco and installed by Piper in its plane. The plane was sold by Piper to an independent distributor in Washington, who, in turn, resold it to a wholesaler in Oregon, who then sold it to plaintiff. Service of process was affected on defendants under the Oregon Long-Arm Statute, ORS 14.035 et seq. Defendant Avco is a Delaware corporation, while defendant Piper is from Pennsylvania.

Piper sells planes on a worldwide basis. Although it conducts its business through independent distributors, it exercises extensive control over them by supervising their operations, requiring periodic financial reports requiring them to stock various aircraft and parts, together with reserving the right to require the distributor to appoint dealers. The company advertises nationally and displays these advertisements in Oregon. In the year 1967, it did business in Oregon to the extent of aproximately $1,500,000.00 the retail value of the sixty aircraft it sold in this state.

 Avco uses approximately the same method of doing business as Piper. Although it does not make retail sales, it maintains a technical representative in Oregon, who travels about the territory to render assistance to Avco purchasers and to investigate complaints and warranty claims. I find that each defendant had sufficient minimum contacts in the state of Oregon to satisfy the requirements of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Moreover, the injury occurred in the state of Oregon and if, in fact, the product was defective the defendants would be subject to the jurisdiction of this Court under the rules stated in Hiersche v. Seamless Rubber Co., 225 F.Supp. 682 (D.Or. 1963), Richey v. Sumoge, 257 F.Supp. 32 (D.Or.1966), and Gray v. American Radiator & Std. Sanitary Corp., 22 Ill. 2d 432, 176 N.E.2d 761 (1961), the progenitor of the Oregon authorities. Taylor v. Portland Paramount Corp., 383 F.2d 634 (9th Cir. 1967) is not contrary,

nor is Bisbee v. Safeway Stores, Inc., et al., D.C. 290 F.Supp. 337.

Defendants' motions to quash and their challenges to the jurisdiction of the Court are overruled.