**SIMPSON TIMBER CO., Plaintiff,**

v.

**GREAT SALT LAKE MINERALS AND CHEMICALS CORPORATION,**
**Defendant.**

Civ. No. 68–646.

United States District Court
D. Oregon.

Feb. 11, 1969.

Robert B. Duncan, Carmie R. Dafoe, Jr., Robert B. Conklin, Lindsay, Nahstoll, Hart, Dafoe & Krause, Portland, Or., for plaintiff.

Clifford N. Carlsen, Jr., King, Miller, Anderson, Nash & Yerke, Portland, Or., Claron C. Spencer, Senior & Senior, Salt Lake City, Utah, for defendant.

## OPINION

BELLONI, District Judge.

Great Salt Lake Minerals and Chemicals Corporation moved to quash service of summons and to dismiss on the grounds that this court lacks in personam jurisdiction over it. In the alternative, the defendant moved to transfer the action to the United States District Court for the District of Utah, Northern Division, pursuant to the terms of 28 U.S.C. §§ 1404(a) and 1406(a).

The defendant invented a plan for distilling chemicals from the waters of Great Salt Lake by solar evaporation. The plan required a flume to carry the brine about one mile overland to a series of ponds. The flume was constructed

through the joint efforts of four parties: the defendant, a Delaware corporation qualified to do business in Utah, the owner of the flume; the plaintiff, a Washington corporation qualified to do business in Oregon, supplied the component parts of the flume from its Oregon branch; Gibbons & Reed, a Utah corporation, was the main contractor and Arthur McKee, a Delaware corporation qualified to do business in Utah, mainly engineered the project.

The flume collapsed shortly after its construction. The defendant agreed to purchase and the plaintiff agreed to sell approximately $70,000 in new component parts for a reconstruction of the flume. The parts were manufactured by plaintiff in Oregon and shipped to Utah pursuant to the agreement.

This is an action for the purchase price of the new component parts.

## The Motion to Dismiss

The basic issue here is whether service made upon the defendant, a foreign corporation, under ORS 14.035(1) (a) [1] is effective in obtaining in personam jurisdiction over the defendant in Oregon. The specific questions to be answered in resolving the issue are: (1) Do the facts of this case come within the purview of the Oregon Long Arm Statute [2], and (2) If so, are the requirements of federal due process met when the defendant is subjected to suit in Oregon courts?

■ The complaint prays for money alleged due only for the component parts supplied for reconstruction. Even though the contract being sued upon indirectly came into being through prior dealings and is closely related to the original construction, it is sufficiently separate to allow independent considera- tion as a basis for jurisdiction. Dragor Shipping Corporation v. Union Tank Car Company, 361 F.2d 43 (9th Cir. 1966).

■ This being a diversity case, Oregon's Long Arm Statute must be applied as construed by the highest court of the State. Southern Machine Company, Inc. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir.1968); Sun-X Glass Tinting of Mid-Wisconsin v. Sun-X International, Inc., 227 F.Supp. 365 (W.D. Wis.1964). Recently the Oregon Supreme Court interpreted and applied this statute. State ex rel. Western Seed v. Campbell, 86 Or.Adv.Shts. 957, 442 P.2d 215 (1968), and State ex rel. White Lumber Co. Inc. v. Sulmonetti, 87 Or. Adv.Shts. 649, 448 P.2d 571 (1968). There is no doubt that it is intended to reach to the outer limits of federal due process.

The determining question then is whether the due process tenets of fair play and substantial justice will allow the suit to be entertained in Oregon.

■ Both sides cite the most recent Oregon Supreme Court case, State ex rel. White Lumber Co. Inc. v. Sulmonetti, supra, as authority for its point of view but the question of due process is a federal question and as to it we are controlled by decisions of the Supreme Court and the Circuit Courts of Appeals, especially our Ninth Circuit. Taylor v. Portland Paramount Corporation, 383 F.2d 634, 640 (9th Cir.1967); Aftanase v. Economy Baler Company, 343 F.2d 187 (8th Cir.1965).

■ Several circuits have approached the jurisdictional problem by advancing three broad criteria which must be met in order to fulfill the due process requirement. L. D. Reeder Contractors of Arizona v. Higgins Industries, 265 F.2d 768 (9th Cir. 1959); Af-

---

1. ORS 14.035 "(1) Any person, firm or corporation whether or not a citizen or a resident of this state, who in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:

"(a) the transaction of any business within this state * * *."

2. ORS 14.035(1) (a).

tanase v. Economy Baler Company, supra; Curtis Publishing Company v. Birdsong, 360 F.2d 344 (5th Cir.1966); Southern Machine Company, Inc. v. Mohasco Industries, Inc., supra.

1) Did the defendant purposefully avail himself of the privilege of acting in the forum state or causing important consequences in that state by transacting business in that state?

It has been stated: "* * * business is transacted in a state when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of that state; and the defendant has purposefully availed himself of the opportunity of acting there if he should have reasonably foreseen that the transaction would have consequences in that state." Southern Machine Company, Inc. v. Mohasco Industries, Inc., supra.

Here defendant by contract purposefully caused plaintiff to manufacture parts worth $70,000 in plaintiff's Oregon plant to be shipped from Oregon to Utah. This was an act by defendant which caused a substantial impact on the commerce of Oregon. Thus, the first criterion is clearly met.

2) Did the cause of action arise out of the business transaction?

It did. The claim is for payment due on the contract to supply parts.

3) Were there sufficient contacts to satisfy the due process tenets of fair play and substantial justice?

If the consequences in Oregon of defendant's acts make it reasonable to require it to defend in Oregon this criterion is met. Southern Machine Company, Inc. v. Mohasco, Industries, Inc., *supra.* The lack of physical presence of defendant or its agents within Oregon is immaterial. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); Liquid Carriers Corp. v. American Marine Corp., 375 F. 2d 951, 955 (2d Cir.1967); Schutt v. Commercial Travelers Mutual Accident Ass'n, 229 F.2d 158 (2d Cir.1956); Parmalee v. Iowa State Traveling Men's Association, 206 F.2d 518 (5th Cir.1953).

The defendant had "contact" with Oregon by way of setting Oregon's commerce in motion. The economic impact on Oregon was substantial. Had the plaintiff defaulted the defendant could have sued in Oregon. Certainly Oregon has sufficient interest to provide a forum for this dispute.

The motion to dismiss is denied.

### The Motion to Transfer

For the purposes of the motion to transfer it is necessary to take a broader look at the circumstances surrounding this transaction. The important document reflecting the agreement is the purchase order which recites: "Payments under this order are subject to the establishment of liability and will be carried out in accordance with the desires of the applicable insurance carriers". This refers to the establishment of liability for the initial collapse of the flume. The plaintiff, the engineering company and the contractor are all accused of causing the collapse and payment is due only when liability is established among those three.

Plaintiff has stated that its purpose in bringing this action was largely to bring to a head the establishment of liability. Utah, not Oregon, is the proper place to resolve that issue. If transferred all the parties would be subject to the jurisdiction of the court in Utah and all of the issues including the plaintiff's claim could be resolved in one trial. The ability to implead a party in the transferee forum who may be liable is an important consideration in determining a motion to transfer. Popkin v. Eastern Air Lines, Inc. 253 F.Supp. 244 (E.D.Pa.1966); L. B. Brown v. Blidberg Rothchild Co., Inc., 222 F.Supp. 18 (D. Del.1963); Shuford Mills, Inc. v. Rainier Travel Service, Inc., 296 F.Supp. 240, (D.Or.1969), Civil No. 68–582, February 11, 1969.

The motion to transfer is granted.