**SHUFORD MILLS, INC., a corporation,
Plaintiff,**

v.

**RAINIER TRAVEL SERVICE, INC., a corporation, and Chinook Charter Service, Inc. of Chinook, Washington, a corporation, Defendants.**

**Civ. No. 68–582.**

United States District Court
D. Oregon.

Feb. 11, 1969.

Norman N. Griffith, Portland, Ore., for plaintiff.

Ray Mize, Mize, Kriesien, Fewless & Cheney, Portland, Ore., for defendant Rainier Travel Service, Inc.

Murray J. Anderson, Anderson & Bingham, Tacoma, Wash., Nathan J. Heath, Gray, Frederickson & Heath, Portland, Ore., for defendant Chinook Charter Service, Inc.

### OPINION

BELLONI, District Judge.

Defendant Rainier Travel Service, Inc., moved to dismiss this action for lack of personal jurisdiction over it.

Plaintiff is a corporation incorporated under the laws of North Carolina and having its principal place of business in North Carolina. Defendants Rainier Travel Service, Inc. and Chinook Charter Service, Inc., are Washington corporations. Subject matter jurisdiction is based upon diversity of citizenship. The amount in controversy exceeds $10,000.-00.

In 1968 plaintiff, through its offices in Portland, Oregon, sponsored a sales promotion contest in the Pacific Northwest. The contest began April 1, 1968

and ended June 30, 1968. The prize offered successful participants was an all-expense paid fishing trip. About ninety persons participated in the contest and twenty-nine were successful and qualified for the prize.

For the purposes of this motion I find from the record that on approximately eight occasions Mr. Arne Anderson (West Coast Sales Manager of plaintiff) attempted to contact Mrs. Bonney (vice-president of Rainier Travel Service, Inc.) at her Seattle office by telephone about chartering for the winners the fishing boat "Bette Ann", owned by the defendant Chinook. Being absent when the calls came in on approximately eight occasions it was necessary for Mrs. Bonney to return the calls. In addition to these telephone calls there was some correspondence between the parties and plaintiff mailed the charter fee to the defendant's Washington office. Defendant Rainier did not come into the State of Oregon for any purpose in connection with this charter but Mrs. Bonney made two earlier exploratory trips to Oregon involving another potential sale.

Apparently defendants did not produce the boat on the agreed on date and plaintiff filed an action against both Rainier Travel Service, Inc. and Chinook Charter Service, Inc. seeking damages for loss of business goodwill and disruption of sales promotion program, out-of-pocket expenses and the contract price. Defendant Rainier filed this motion to dismiss. Defendant Chinook Charter has also contested this court's jurisdiction.

This court's inquiry is twofold:

(1) Whether the activities of defendant Rainier bring it within the provisions of ORS 14.035(1) (a)[1], and (2) If they do, is the defendant deprived of due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States by being required to defend this action in Oregon. Taylor v. Portland Paramount Corporation, 383 F.2d 634 (9th Cir. 1967).

The first inquiry is a matter of state law and we look to the interpretation of the statute by the Supreme Court of the State of Oregon. That court has held in the case of State ex rel. Western Seed Production Corporation v. Campbell, 86 Or.Adv.Shts. 957, 442 P.2d 215 (1968), and State ex rel. White Lumber Co. Inc. v. Sulmonetti, 87 Or. Adv.Shts. 649, 448 P.2d 571 (1968), that the Legislative Assembly intended the Long Arm statute (ORS 14.035) to reach to the outer limits of federal constitutional due process. What those outer limits are, however, is a federal question and as to this we are controlled by the decisions of the Supreme Court of the United States and other federal court decisions.

A review of those decisions will disclose the evolution of a standard whereby the constitutionality of service of process on a non-resident is measured:

(1) There must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state and obtaining the benefit and protection of its laws

(2) This act of the defendant must give rise to or result in a cause of action within that forum state

(3) Having once established such substantial minimum contact it must appear that the assumption of jurisdiction based thereon is in accordance with the due process concept of "fair play" and "substantial justice". L. D. Reeder Contractors of Arizona v. Higgins Industries, 265 F.2d 768 (9th Cir. 1959), Southern Machine Com-

[1]. ORS 14.035 "(1) Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:
  "(a) the transaction of any business within this state * * *."

pany, Inc. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968).

Applying the rules here, I am of the opinion that a construction of ORS 14.035 which would give Oregon courts jurisdiction over Rainier would go beyond the line of due process in all three particulars.

Rainier did not generally do business in Oregon and did not initiate these negotiations. At most, they entered into this isolated contract by telephone message between Oregon and Washington, the breach of the contract causing damages to plaintiff in Oregon.

Rainier was an agent for defendant Chinook Charter Service, Inc. who contests this court's jurisdiction and seems to have an even stronger case for lack of jurisdiction. It would be an undue burden to require Rainier to defend an action in Oregon and then be forced to seek indemnity from Chinook in a second lawsuit in a forum where Chinook is amenable to service of process.

The disadvantages, if any, to plaintiff, a North Carolina corporation, of bringing this action in Washington, a neighboring state, are minimal.

The motion to dismiss is granted.