## 47135. EVERSHINE PRODUCTS, INC. v. BHAVNANI.

EVANS, Judge. Krishin H. Bhavnani sued Evershine Products, Inc., a Georgia corporation, for the amount of a judgment with interest thereon which the plaintiff recov-

ered in a suit in the Middlesex Superior Court in the Commonwealth of Massachusetts. Attached to the complaint was a copy of the final decree of the Massachusetts court, duly attested, showing it had been served under the "long-arm statute" of that state by mailing a copy of the process to the defendant by certified mail in the State of Georgia. The judgment was obtained in Massachusetts by default.

The defendant filed an answer to the action brought in this state and therein alleged: (1) Complaint fails to state a claim against defendant. (2) No proper service of the complaint had been made. (3) The Massachusetts judgment was invalid because the case was never within the jurisdiction of that State. (4) Each and every allegation of the complaint was denied.

Defendant also filed a counterclaim in which he sought judgment against the plaintiff for failure and default in the performance of a contract by and between the parties, said agreement being attached as exhibits (to all intents and purposes the same as those attached to plaintiff's suit in Massachusetts). Both plaintiff and defendant moved for summary judgment upon the pleadings. After a hearing the court granted the plaintiff's motion for summary judgment and denied the defendant's motion. The appeal is from this final judgment. *Held:*

1. The copy of the proceedings in Massachusetts was duly authenticated as a complete and true copy of the record of said proceeding, including the judgment. It shows the suit in Massachusetts involved a petition in equity to set aside an alleged contract and an escrow agreement as to $2,500. It did not involve a suit for personal money demands, hence the case of *Hartsog v. Robinson*, 115 Ga. App. 824 (156 SE2d 141) is not controlling in the case sub judice.

2. A true copy of the "general laws of the Commonwealth of Massachusetts" (Ch. 223A, Sec. 3, as amended; and §§ 1, 4 and 6) duly authenticated under the great seal of the Commonwealth of Massachusetts as provided in

*Code* § 38-622, shows clearly that the defendant, a Georgia corporation, submitted itself to that jurisdiction by transacting business in the Commonwealth of Massachusetts in that it contracted to supply "things" in that commonwealth. The case differs on its facts from that of *Allied Finance Co. v. Prosser,* 103 Ga. App. 538 (119 SE2d 813) in which case the records from the foreign court show there was only one single act of doing business in that State. In the case sub judice the defendant corporation advertised in the Boston Sunday Globe through an agent to obtain area distributors to supply their nationally advertised products to department stores, hardware and building supply houses, contractors and builders, architects, interior decorators and automotive and marine outlets. The defendant also entered into an agreement with the plaintiff, through its agent, in the Commonwealth of Massachusetts (albeit plaintiff was in Georgia) whereby the plaintiff was to become a distributor of the defendant. Defendant also required the plaintiff to put up the sum of $2,500 in escrow with a bank in Georgia to be held until the defendant notified the bank of its acceptance of the distributor's application. Defendant and plaintiff communicated with each other by long distance telephone calls and by mail in regard to the withdrawal of the distributorship application by the plaintiff.

The evidence submitted to the court on motion for summary judgment included the duly authenticated foreign judgment of a sister state, which showed that it had jurisdiction of the Georgia corporation under its "long-arm statute." The defendant failed to offer any testimony to refute the duly authenticated claims of the plaintiff, and the court did not err in granting summary judgment in favor of the plaintiff and denying same as to the contentions of the defendant. International Shoe Co. v. Washington, 326 U. S. 310, 316 (66 SC 154, 90 LE 95, 161 ALR 1057); McGee v. International Life Ins. Co., 355 U. S. 220 (78 SC 199, 2 LE2d 223). The Georgia long-arm statute (*Code Ann.* § 24-113.1; Ga. L. 1966, p. 343;

1970, pp. 443, 444) is virtually the same as the Massachusetts statute, and the judgment in personam against the nonresident Georgia corporation obtained in Massachusetts will be accorded full faith and credit in the State of Georgia.

> *Judgment affirmed. Bell, C. J. and Stolz, J., concur.*
> ARGUED MAY 1, 1972—DECIDED MAY 19, 1972.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.
*Gettle & Fraser, Richard A. Gordon,* for appellee.