Argued February 6, reversed and remanded March 13, 1975

# WAKEMAN, *Appellant, v.* DAVIS, *Respondent.*

532 P2d 796

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Terence H. Dunn,* Portland, argued the cause for respondent. With him on the brief were Fulop and Gross and William E. Gross, Portland.

DENECKE, J.

This case presents another vexing question of whether the defendant was transacting business within Oregon so as to be amenable to personal service pursuant to the long-arm statute.

The trial court ordered service quashed and dismissed the complaint. Plaintiff appeals.

The facts are as stated in affidavits by the parties. The plaintiff was present; however, he did not testify as his attorney informed the court that his testimony would add nothing to the evidence contained in his affidavit.

The facts are basically uncontroverted. In those instances in which there is a dispute, we will assume the facts are those which are most favorable to the defendant as the trial court sustained his motion.

The plaintiff is suing for damages for alleged breach of an employment contract. The defendant operates a manufacturing plant in Illinois. The plaintiff initiated negotiations in Illinois for an employment contract. On February 11, 1972, the defendant personally brought a loader for use as a demonstrator to plaintiff's residence in Oregon. At that time further negotiations occurred. A written contract was entered into whereby plaintiff agreed to be sales manager for the sale of defendant's products in most

of the United States, including Oregon, and Canada. The contract recited that it was signed February 19, 1972, at Gibson City, Illinois.

The contract provided that plaintiff was to be paid on a commission basis. Plaintiff was to employ and supervise salesmen to sell defendant's products. Defendant's affidavit states he considered plaintiff a "multi-line manufacturer's representative." We assume this means plaintiff sold items for various manufacturers.

During the six months period after the contract was entered into, the defendant frequently called and corresponded with plaintiff in Oregon.

The defendant sold the demonstrator he had previously delivered to plaintiff to Bill Taylor. Taylor lived in Oregon and was appointed by plaintiff to sell defendant's products in Oregon and elsewhere. The sale was made partially, at least, to assist Taylor in making further sales of defendant's products. Taylor's offer to buy was accepted by defendant in Illinois.

We have adopted "fairness" as the test of whether a nonresident can be required to litigate in Oregon. *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 448 P2d 571 (1968); *Neptune Microfloc v. First Fla. Util.,* 261 Or 494, 495 P2d 263 (1972); *State ex rel Ware v. Hieber,* 267 Or 124, 515 P2d 721 (1973). We conclude it is "fair" to require the defendant to litigate in Oregon and, therefore, the Oregon court has acquired jurisdiction over the defendant under the long-arm statute. ORS 14.035.

The defendant had sufficient "contacts" with Oregon and it does an interstate business, including business with Oregon residents.

The defendant personally came to Oregon to discuss doing business with plaintiff; the defendant personally delivered one of his products to plaintiff in Oregon; the defendant resold this product to another Oregon resident with delivery being made in Oregon; and performance of the contract generated continuous activity in Oregon.

Defendant relies principally on *Bisbee v. Safeway Stores, Inc. v. Colerain Metal Prod. Co.,* 290 F Supp 337 (D Or 1966). The third-party defendant, Colerain, sold a product to an Oregon user through an Oregon "multi-line manufacturer's representative." The product was allegedly defective and injured the plaintiff. The court held the manufacturer was not "transacting business" in Oregon within the meaning of ORS 14.030. We are of the opinion that the defendant in that case did not have the intimate contacts with Oregon that the defendant had in the present case.

Reversed and remanded.

O'CONNELL, C. J., specially concurring.

Although I do not understand how the court arrives at the conclusion that it is "fair" to require defendant to litigate in Oregon (see my dissent in *State ex rel White Lbr. Co. v. Sulmonetti,* 252 Or 121 at 128, 448 P2d 571 at 574 (1968)), there is as much reason to subject defendant to Oregon's jurisdiction in this case as there was to subject the defendant to our jurisdiction in *State ex rel White Lbr. Co. v. Sulmonetti,* and on that ground I concur.

HOLMAN, J., concurring.

I concur for the reasons set forth in my concurring opinion in *State ex rel White Lbr. v. Sul-*

*monetti,* 252 Or 121, 128, 448 P2d 571 (1968). If a business concern finds it convenient to market nationally, it is fair that it litigate in states it has used as a market the problems which arise out of such marketing. I would not attempt to distinguish, as the majority opinion does, the case of *Bisbee v. Safeway Stores, Inc. v. Colerain Metal Prod. Co.,* 290 F Supp 337 (D Or 1966). In my opinion that case was wrongly decided. It is significant that it is prior in time to our cases on the scope of the long-arm statute.