Argued and submitted March 16, reversed and remanded May 26, 1981

RESORTS MARKETING, INC.,
*Appellant,*

*v.*

ZUCKERMAN,
*Respondent.*

(No. 207-962, CA 19090)

628 P2d 770

Peter E. Baer, Gresham, argued the cause and submitted the briefs for appellant.

E. Sean Donahue, Portland, argued the cause for respondent. With him on the brief was Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before Gillette, Presiding Judge, and Roberts, and Young, Judges.

YOUNG, J.

**YOUNG, J.**

The issue presented is whether under ORCP 4, and consistent with the requirements of due process, the Oregon court may exercise jurisdiction over defendant, a Massachusetts resident. Defendant's motion to dismiss the complaint for lack of personal jurisdiction was granted. We conclude that the court can exercise jurisdiction and reverse.

The parties do not seriously dispute the relevant facts. Plaintiff, an Oregon corporation, is a wholesale travel agent which makes condominiums and homes in resort areas of the world available to retail travel agents. In January, 1980, plaintiff was contacted by a Massachusetts travel agency about rental of a villa in Acapulco. That contact was the result of an inquiry by defendant's secretary to the Massachusetts agency a few days earlier. It is uncontested that defendant's secretary was acting on defendant's behalf in arranging for the rental of a villa. The Massachusetts agency eventually suggested to defendant's secretary that she contact plaintiff directly. The telephone conversations between defendant's secretary and plaintiff resulted in a villa being booked for defendant from February 8 to February 17, 1980.

On February 5, 1980, plaintiff contacted defendant's secretary regarding payment for the villa. As it was the tourist season, the villa owner required a guarantee of payment. After being assured that defendant's payment was on its way, plaintiff in turn guaranteed payment to the villa owner for the rental period. Defendant's check was sent to plaintiff on February 6. When defendant arrived at the villa on February 8, he found it unsatisfactory and stopped payment on the check.

This action was brought by plaintiff to recover the amount it was required to pay to the villa owner on the guarantee it had made. Defendant's motion to dismiss asserts that he transacted no business in this state and is not subject to suit here.

Oregon's long-arm statute, formerly ORS 14.035, is now found in ORCP 4.[1] The traditional analysis of the

---

[1] ORCP 4 E. provides for jurisdiction

state's long-arm statute has been to determine whether jurisdiction is provided by the statute or rule and, if so, then to determine whether the exercise of that statutory jurisdiction falls within the constitutional limits of due process. *See State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980); *State ex rel Academy Press v. Beckett,* 282 Or 701, 581 P2d 496 (1978). However, ORCP 4 L. provides for jurisdiction

> "Notwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

It appears from that provision that the only question to be addressed here is the constitutionality of the exercise of jurisdiction over defendant, because the rule by its terms extends as far as the limits of the Constitution.

■ It is now well established that a state may exercise jurisdiction over a defendant only where there exist 'minimum contacts' between the defendant and the forum state

---

"In any action or proceeding which:

"E.(1) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state, to pay for services to be performed in this state by the plaintiff, or to guarantee payment for such services; or

"E.(2) Arises out of services actually performed for the plaintiff by the defendant within this state or services actually performed for the defendant by the plaintiff within this state, if such performance within this state was authorized or ratified by the defendant or payment for such services was guaranteed by the defendant; or

"E.(3) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to send from this state goods, documents of title, or other things of value or to guarantee payment for such goods, documents, or things; or

"E.(4) Relates to goods, documents of title, or other things of value sent from this state by the plaintiff to the defendant on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant; or

"E.(5) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."

such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945); *World-Wide Volkswagen Corp. v. Woodson,* 444 US 286, 100 S Ct 559, 62 L Ed 2d 490 (1980); *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 448 P2d 571 (1968). The question presented here is whether those minimum contacts between defendant and the State of Oregon have been shown to exist in the transaction between the parties. We are satisfied that they have been.

In *State ex rel White Lbr. v. Sulmonetti, supra,* the Oregon Supreme Court set out the requirements for the constitutional exercise of jurisdiction in a case involving a single transaction:

"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco,* 401 F2d 374 (6th Cir 1968)." 252 Or at 127.

In that case a telephone order of plywood from an Oregon company by a Florida corporation was found to have produced substantial business consequences in Oregon where the plywood was specially manufactured to fill the order.

In *State ex rel Academy Press v. Beckett, supra,* the three criteria were found to have been met where Academy Press entered into a contract with an Oregon resident for publication of his manuscript and made requests for substantial additional work before publication. The court determined that Academy Press did "purposely 'cause important consequences' in Oregon" by causing the author to engage in significant editorial work in this state. The court went on to conclude that for the same reasons the consequences of Academy Press's activities were "important" enough to satisfy the first criterion for jurisdiction, so also did they provide a sufficiently substantial connection to this state to make the exercise of jurisdiction reasonable. *Id.,* at 714.

Defendant argues that he did not "purposely avail" himself of the privilege of acting in Oregon or of causing important consequences in this state because the telephone contact with plaintiff was purely fortuitous. He argues that his secretary was given a telephone number by the Massachusetts agency and may not even have realized that plaintiff was located in Oregon. It is obvious, however, that by the time the agreement was reached and defendant agreed to send payment for the villa to plaintiff, the fact that plaintiff was in Oregon was apparent. The fact that defendant was referred to an Oregon agency may have been fortuitous, but defendant chose to continue the transaction after becoming aware of the plantiff's location.

Defendant relies on *State ex rel Sweere v. Crookham, supra,* and *Neptune Microfloc v. First Fla. Util.,* 261 Or 494, 495 P2d 263 (1972), in support of his contention that the exercise of jurisdiction in this case would be unreasonable. Those cases are distinguishable, however. In *Neptune Microfloc* the contact between the plaintiff Oregon corporation and the defendant Florida corporation was initiated in Florida by plaintiff. An order for goods was placed with the plaintiff, but the record did not show that the goods were specially manufactured as a result of that order. In *State ex rel Sweere v. Crookham, supra,* a personal guaranty was executed in Minnesota by the general manager of a North Dakota corporation doing business in Minnesota. When an Oregon corporation sued on the basis of the guaranty, the court found there was no jurisdiction because the execution of the guaranty occurred several months after the goods had been delivered, and there was no showing that the Oregon corporation relied on the guaranty in continuing to do business with the company for whom the guarantor worked.[2]

Defendant here requested that plaintiff provide a service in arranging for the rental of a villa in Acapulco. Plaintiff made certain arrangements on the basis of that request. Defendant agreed to send payment for the villa

_____

[2] Defendant also relies upon *Shuford Mills, Inc. v. Rainier Travel Service, Inc.,* 296 F Supp 240 (D Or 1969). We understand the rationale of *Shuford* to prevent the defendant in the instant case from bringing suit against the plaintiff in Massachusetts. Further, defendant in this case initiated the contact with plaintiff.

directly to plaintiff and did send a check for the amount agreed upon. Because the villa owner required a guarantee of payment, plaintiff provided that guarantee on the basis of defendant's promise to pay. Plaintiff itself was then required to pay the villa owner when defendant stopped payment on his check.

■   We conclude that the telephone request for plaintiff's services and the promise to pay, which led plaintiff to guarantee payment to the villa owner and resulted in plaintiff having to make the payment after defendant stopped payment on his check, constituted "important consequences" in this state and provided a sufficiently substantial connection with this state so that the exercise of jurisdiction over defendant is reasonable. There is no question that this cause of action arose from the consequences of defendant's activities in this state. The three criteria outlined in *State ex rel White Lbr. v. Sulmonetti, supra,* are met here and the exercise of jurisdiction over defendant is within constitutional limits.

It was error to grant the motion to dismiss.

Reversed and remanded.