67606. COHEN v. PUBLISHERS PAPER COMPANY.

CARLEY, Judge.

On November 30, 1981, appellee filed a complaint in Multnomah County, Oregon. The named defendants were: Appellant-Jeffrey Cohen and David Cohen, partners, doing business as Cohen Brothers

Export Lumber Specialists; and, Cohen Brothers Export Lumber Specialists, Inc., a Massachusetts corporation. Appellee alleged in its complaint that appellant and David Cohen were partners doing business as Cohen Brothers Export Lumber Specialists, that the defendants had entered into four separate contracts with appellee for the sale of lumber, and that those contracts had been breached by the defendants. A default judgment was granted to appellee against appellant, as well as against David Cohen and Cohen Brothers Export Lumber Specialists, Inc. On August 17, 1982, appellee filed a complaint in the State Court of Chatham County, Georgia, seeking to domesticate the Oregon judgment. Appellant answered, raising the defense that the Oregon court lacked personal jurisdiction over him. Summary judgment was granted to appellee, and appellant appeals.

Appellant asserts the trial court erred in granting appellee's motion for summary judgment, as a question of fact remained as to whether he, as a non-resident of Oregon, was personally subject to the Oregon court's jurisdiction. "It is well settled that 'personal jurisdiction is necessary before a judgment from a foreign jurisdiction will be given full faith and credit.' [Cit.] Where, as here, jurisdiction is neither alleged nor proved in a default judgment entered in a foreign jurisdiction 'the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court.' [Cit.]" *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35 (1) (250 SE2d 813) (1978). See also OCGA § 9-12-16.

The record shows that the Oregon law relating to personal jurisdiction over non-residents was proved in the instant case, and therefore on appeal this court must apply Oregon law in determining whether the Oregon court could properly exercise personal jurisdiction over appellant. See *Process Systems v. Dixie Packaging Co.*, 137 Ga. App. 452 (1) (224 SE2d 103) (1976). Compare *Berry v. Jeff Hunt Machinery Co.*, supra at 35 (2).

The Oregon Long-Arm Statute, formerly ORS 14.035, is now found at ORCP 4. That statute authorizes personal jurisdiction, insofar as is relevant to this case, over a non-resident in any action or proceeding which "[r]elates to goods, documents of title, or other things of value sent from [Oregon] by the plaintiff to the defendant on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant . . ." ORCP 4E. (4). Furthermore, ORCP 4L. provides for personal jurisdiction over a non-resident, "[n]otwithstanding a failure to satisfy the requirement of Sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this State or the Constitution of the United States." Accordingly, the Oregon courts have held that "[t]he long-arm statute is to be applied as extensively

as the Constitution allows because the legislative intent was to 'exploit the outer limits of due process in aid of (Oregon) litigants.' [Cit.]" State v. Houston, 42 Or. App. 287 (600 P2d 886) (1979). Although the Oregon courts have held that the Oregon Long-Arm Statute is to be applied to the full extent allowed by the Constitution of the United States, a finding by that state's courts that certain facts meet federal due process requirements is not binding on this court. "[A] finding by the [Oregon] Supreme Court that a given state of facts meets the applicable federal due process test in a case tried there, while highly persuasive is not absolutely binding in the courts of this state in another case in such a manner as to foreclose us (under full faith and credit considerations) from determining for ourselves whether under applicable federal definitions of due process the facts of this case are such as to give the [Oregon] courts jurisdiction over this [non-resident] defendant." *Process Systems v. Dixie Packaging Co.*, supra at 454 (2). See generally *Allied Fin. Co. v. Prosser*, 103 Ga. App. 538 (119 SE2d 813) (1961).

The uncontroverted evidence of record in the instant case establishes the following: In an affidavit submitted by appellee in support of its motion for summary judgment, appellee's Export Sales Manager averred that he initially received a telephone call in appellee's Oregon office from either appellant or David Cohen concerning the purchase of lumber. Thereafter, appellee sent telex messages to the Cohens "offering lumber for sale to them. When the Cohens were interested in making a purchase, they would confirm by telephone . . . and they would send to [appellee] written confirmations." After receiving the telephone confirmations, appellee caused the lumber for the orders to be purchased from a mill in Oregon, and appellee became bound to third parties as a result. Furthermore, according to appellee's affiant, David Cohen visited appellee's offices in Oregon to discuss these orders. In addition to the affidavit, several written confirmations were included in the record. The confirmations were on Cohen Brothers Export Lumber Specialists' letterhead, and addressed to appellee. Service of process on appellant was made pursuant to ORCP 7D. (2) (c) by substituted service upon the agent in charge of business at the corporate office of Cohen Brothers. In opposition to the motion, appellant did not contend that appellee failed to make proper service of process upon him, and did not present any evidence in contradiction to the above stated facts.

In White Lumber Sales v. Sulmonetti, 252 Or. 121 (448 P2d 571) (1968), the Supreme Court of Oregon held that where a non-resident defendant placed a purchase order with the plaintiff-Oregon corporation for plywood, and the plaintiff therefore instructed an Oregon mill to begin to fill the order, "the placing of the telephoned order had effects, or 'significant contacts' in Oregon." The Oregon court further

found that "both parties are lumber merchants engaged in interstate commerce. Both parties used conventional and well-understood methods of communicating offers and acceptances. On the strength of a telephoned offer and acceptance, mills in Oregon were told to fabricate a special order of plywood, railroad cars were ordered, crews were assembled in Oregon to load the cars . . . So long as the defendant is not compelled to defend himself in a distant state with which he has had no relevant connection, he cannot be said to have been denied either fair treatment or substantial justice. We are entitled to assume that buyers are as likely to receive justice in courts of the states in which they choose to do business as in the courts of the states in which they choose to maintain their principal offices." White Lumber Sales v. Sulmonetti, supra at 126-127. Likewise, in the instant case, telephone calls were made to appellee confirming lumber purchase orders, which caused appellee to place orders with another Oregon mill and for which appellee became bound.

Appellant contends that the case at bar is distinguishable from the White Lumber decision and a contrary result is demanded because there is no evidence that he, as an *individual*, had sufficient contacts with Oregon. Appellant contends that, under the rationale of White Lumber, there is, at best, evidence that Cohen Brothers Export Lumber Specialists had sufficient contacts with Oregon, but there is no evidence that he was a partner in that "business," or that he, as an individual, had any contact with Oregon.

Allegations concerning appellant's involvement in the "business" are found in appellee's Oregon complaint which was introduced into evidence in the instant case. In that original complaint it was alleged that appellant and David Cohen were partners, doing business as Cohen Brothers Export Lumber Specialists. In addition, appellee's affidavit submitted in support of its motion for summary judgment stated that "the Cohen brothers" had made the telephone calls to confirm lumber orders, and that David Cohen had visited appellee's offices in Oregon to discuss these orders. In determining whether appellant was properly subjected to Oregon's long arm jurisdiction, the trial court in the instant case was authorized to consider the uncontroverted evidence of record including the statements contained in any affidavits. OCGA § 9-11-56 (c). Appellant did not attempt to controvert appellee's evidence in this regard.

Based upon the foregoing, even assuming that appellant did not have sufficient contacts with Oregon in a totally "individual" capacity, the record is uncontroverted that he was a partner in Cohen Brothers Export Lumber Specialists. The acts of appellant's partner undertaken in his capacity as a partner, must be ascribed to appellant. See generally Resorts Marketing v. Zuckerman, 52 Or. App. 589 (628 P2d 770) (1981). As previously stated, under the holding in

White Lumber, the contacts between appellant's partner and Oregon were sufficient to establish personal jurisdiction over him there, and thus, over the partnership and appellant. Oregon's exercise of personal jurisdiction over appellant does not offend traditional notions of fair play and substantial justice. In *Bloise v. Trust Co. Bank of Savannah*, 170 Ga. App. 405 (317 SE2d 249) (1984), we held that where a non-resident defendant's partners had "transacted business" in Georgia, under the Georgia Long-Arm Statute, their "action is ascribed to appellant since [his partners] were acting as his agents. [Cit.]" See also OCGA § 14-8-61. The trial court did not err in granting appellee's motion for summary judgment. *Evershine Prods. v. Bhavnani*, 126 Ga. App. 339 (2) (190 SE2d 553) (1972). Compare *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35, supra.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 24, 1984.

*David R. Smith*, for appellant.
*John H. Maclean, Malcolm R. Maclean*, for appellee.