KRASNE'S INC., Doing Business as TRIPLE K. MANUFACTURING COMPANY, Respondent, v. STERLING ARMS CORPORATION, Appellant.

Fourth Department, March 6, 1975.

*Robert J. Lane* for appellant.

*Fudeman & Renaldo* (*Irving Fudeman* of counsel), for respondent.

MAHONEY, J.   Defendant appeals from order and judgment granting plaintiff's motion for summary judgment in lieu of a complaint in an action to recover on a money judgment rendered by the Municipal Court of California, San Diego County.

Plaintiff Krasne's Inc., doing business as Triple K. Manufacturing Co., is a California corporation with offices located in San Diego; and defendant, Sterling Arms Corp., is a domestic corporation with offices in Buffalo, New York.   In February of 1971, defendant mailed a purchase order on its own form to plaintiff in San Diego, California, requesting the manufacture and delivery of certain quantities of ammunition.   Thereafter, said order was accepted by plaintiff at its offices in San Diego, California, and the items were shipped to defendant at Buffalo, New York.   Following certain billing adjustments, plaintiff claimed a balance due in the amount of $3,597.48.   Upon defendant's refusal or failure to pay, plaintiff commenced action in the Municipal Court of California, County of San Diego, with service of process upon defendant being effected by registered mail in accordance with applicable California statutory provisions (Cal. Code Civ. Pro., §§ 415.40, 417.20).

Upon defendant's failure to appear in said action, plaintiff, in compliance with section 396a of the California Code of Civil Procedure, filed a declaration with said Municipal Court of California, alleging a dual basis for jurisdiction, to wit: that the obligation sued upon was entered into in the court's jurisdictional district and that the obligation sued upon was payable in said district, and proceeded with entry of a default judgment against defendant in the sum of $3,823.61 from which no appeal was taken.

Thereafter, by service of a summons, plaintiff commenced the instant action in Supreme Court, Erie County, to recover on the California judgment, with notice for summary judgment

served in lieu of a complaint pursuant to CPLR 3213. Defendant in opposition, by answering affidavit, challenged the jurisdiction of the California Municipal Court in the entry of the default judgment asserting that said judgment was obtained on the fraudulent representation to the California Municipal Court in the declaration there filed that " the obligation sued upon was entered in said judicial district ". In addition, defendant denies that it " does now or ever has done in the past, business in the State of California."

While it is the general rule that judgments of a sister State are entitled to full faith and credit, the forum State has the authority to inquire into the question of jurisdiction of the State where the judgment was obtained. A foreign judgment, although conclusive on the merits even if rendered by default, can therefore be impeached by proof that the court in which it was rendered did not have jurisdiction or that the judgment was procured by fraud (*Riehle* v. *Margolies,* 279 U. S. 218, 225; *Parker* v. *Hoefer,* 2 N Y 2d 612; *Oldham* v. *McRoberts,* 21 A D 2d 231).

Defendant's claim of fraud in the procurement of the California judgment, premised upon the filed declaration that the agreement between the parties arose in San Diego, misconstrues basic contract law. The defendant's purchase order mailed from its Buffalo office constituted an offer to contract. When plaintiff agreed to the manufacture and shipment of the requested goods, an acceptance of that offer was made, giving rise to the contractual relationship warranting the statement contained in the declaration filed with the California tribunal. However, under the facts here presented, we conclude that the California court lacked jurisdiction to render a judgment against defendant. In order to exercise authority over a nonresident corporation, the California Municipal Court must first establish a basis for in personam jurisdiction. The California long-arm statute, contained in section 410.10 of the California Code of Civil Procedure, is most broad in its scope, providing: " A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

In the instant case, we have the unrefuted denials by defendant that it is doing or ever has done business in the State of California or that the contract herein was made in said State by any agent of the corporation. Defendant, therefore, may be subject to in personam jurisdiction in California only if the transaction between it and the plaintiff constitutes " minimum contacts " with the State of California of such nature that the maintenance of the suit does not offend due process. A

defendant not literally " present " in the forum State may not be required to defend itself in that State's tribunal unless the " quality and nature of the defendant's activity " in relation to the particular cause of action makes it fair to do so (*Hanson v. Denckla,* 357 U. S. 235, 253). Defendant's activities must consist of " an act done or transaction consummated in the forum state " or " some other act by which defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws ". (*Hanson v. Denckla, supra,* p. 253.) Once it is established that the defendant's actions within the forum State are of the requisite " quality and nature " and the cause of action is sufficiently connected with this activity (*McGee v. International Life Ins. Co.,* 355 U. S. 220, 223; *International Shoe Co.* v. *Washington,* 326 U. S. 310, 319), " the propriety of an assumption of jurisdiction depends upon a balancing of the inconvenience to the defendant in having to defend itself in the forum state against both the interest of the plaintiff in suing locally and the interrelated interest of the state in assuming jurisdiction." (*Buckeye Boiler Co.* v. *Superior Ct.,* 71 Cal. 2d 893, 899, citing *McGee* v. *International Life Ins. Co., supra.*)

In applying the foregoing principle to the instant case, we need not undertake to measure the " forum-related " activity of defendant herein against these constitutional standards to determine whether sufficient minimum contact, necessary to impose in personam jurisdiction, has been established. Resolution of such issue may be found in decisional holdings of California courts, that an out-of-State purchaser of services or products from a California resident by way of a contract, negotiated under circumstances similar to those here presented, is not subject to the judicial jurisdiction of California in a suit to enforce payment. (*Belmont Inds.* v. *Superior Ct. of Stanislaus County,* 31 Cal. App. 3d 281, 285; *Interdyne Co.* v. *SYS Computer Corp.,* 31 Cal. App. 3d 508; *Tiffany Records* v. *Krupp Distrs.,* 276 Cal. App. 2d 610.) On the authority of these cases it must be concluded that the Municipal Court of California, County of San Diego, was without jurisdiction to enter a money judgment against the defendant herein and the judgment, therefore, is not entitled to full faith and credit enforcement in this State.

The order granting plaintiff's motion for summary judgment and the judgment entered thereon should be reversed and the action dismissed.

134

MARSH, P. J., CARDAMONE, DEL VECCHIO and WITMER, JJ., concur.

Order unanimously reversed with costs, motion denied and action dismissed.