**GLADDING CORPORATION, Respondent, v BALCO-PEDRICK PARTS CORP., Appellant.**

Fourth Department, July 10, 1980

**APPEARANCES OF COUNSEL**

*Schaus & Schaus (Robert Schaus* of counsel), for appellant.

*Magavern, Magavern, Lowe, Beilewech & Dopkins (Anthony D. Mancinelli* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, P. J.

This action is brought pursuant to CPLR 3213 to enter a judgment in this State upon a money judgment taken by default in the State of Florida. Defendant appeals from the order granting such relief and from the judgment entered thereon. The issue presented is whether a New York corporation is subject to in personam jurisdiction of Florida courts in an action against it for breach of contract where its sole contact with Florida arises from its agreement, made in New York, to purchase products from a Florida division of another New York corporation.

Plaintiff, a domestic corporation, is authorized to do business in Florida and its Pearce-Simpson Division (Pearce-Simpson) in that State manufactures and distributes citizens band radio transmitters, receivers and related equipment. Defendant, also a domestic corporation, is engaged in the wholesale-retail sale of automotive parts and its only place of business is in Buffalo. Defendant's business activity is conducted solely within this State and until the parties entered upon the single

agreement which is the subject of this litigation, they had not previously transacted business with each other.

On May 26, 1976 an agent of Pearce-Simpson visited defendant's Buffalo office and procured a purchase order which called for the immediate shipment to defendant of various products of Pearce-Simpson. Defendant also delivered to the agent its check, payable to "Pearce-Simpson Div. of Gladding Corp.", in the sum of $5,000 to be applied toward payment of the total purchase price. The fair intent of the parties, as drawn from the circumstances of the transaction and from the record documents, is that payment of the balance to become due was to be forwarded to Pearce-Simpson in Florida. Before leaving defendant's Buffalo office, the agent telephoned Pearce-Simpson's Florida office to obtain approval of the terms of the purchase. On completing the call, he communicated Pearce-Simpson's approval to defendant, thus creating the contract in this State.

Thereafter, Pearce-Simpson shipped part of the ordered merchandise to defendant but for reasons not pertinent to the issue here, defendant refused to make payment. Plaintiff commenced an action in Florida by personal service of the summons and complaint upon defendant in New York. Defendant failed to appear in that action and judgment was entered against it in the sum of $13,069.38. It is upon that judgment that this action is based.

While it is the general rule that a judgment of a sister State is entitled to full faith and credit, it will not be enforced in this State where it is shown that the State in which the judgment was entered did not have jurisdiction over the defendant (Krasne's Inc. v Sterling Arms Corp., 47 AD2d 130). In personam jurisdiction over a defendant not present in the territory of the forum may only be obtained where the statute of the forum confers jurisdiction to the extent necessary and, if it does, where its application to a particular defendant satisfies the requirements of due process.

Section 48.193 of the Florida statutes is entitled "Acts subjecting persons to jurisdiction of courts of state" and provides as follows:

"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to

the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following: * * *

"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state."

Literally interpreted, as it appears to have been by the Florida courts (see, e.g., *Professional Patient Transp. v Fink,* 365 So 2d 209 [Fla App]; *Madax Int. Corp. v Delcher Intercontinental Moving Servs.,* 342 So 2d 1082 [Fla App]), the statute confers jurisdiction over this defendant by virtue of defendant's alleged failure to have made payment in Florida as required by the contract. We are thus led to inquire as to whether such assertion of jurisdiction comports with due process as measured by the standards enunciated in *International Shoe Co. v Washington* (326 US 310) and *Hanson v Denckla* (357 US 235).

A foreign corporation not "present" in the forum State will not be required to defend itself in that State's tribunal unless it has established "certain minimum contacts" with the forum such "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " *(International Shoe Co. v Washington, supra,* p 316). "The application of that rule [minimum contacts with the forum] will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws" *(Hanson v Denckla, supra,* p 253). While a single transaction may suffice to establish the requisite connection with the forum (see *Reiner & Co. v Schwartz,* 41 NY2d 648, 651), whether due process is satisfied will depend upon the quality and nature of the act "in relation to the fair and orderly administration of the laws" *(International Shoe Co. v Washington, supra,* p 319).

State courts have not been uniform in applying the rule. Although a Florida court would hold this defendant subject to its jurisdiction solely on the basis of its failure to perform under the contract, a similar result would not obtain in California (see *Interdyne Co. v SYS Computer Corp.,* 31 Cal App 3d 508, 511-512), in Massachusetts (see *"Automatic" Sprinkler Corp. of Amer. v Seneca Foods Corp.,* 361 Mass 441) nor in Illinois (see *Chicago Film Enterprises v Jablanow,* 55 Ill App 3d 739; see, also, *AAAA Creative v Sovereign Holidays,* 76 Ill App 3d 514; *Colony Press v Fleeman,* 17 Ill App 3d 14).

While Federal cases on the subject are difficult to categorize, the rationale which in our view best reflects adherence to "traditional notions of fair play and substantial justice" is found in *Whittaker Corp. v United Aircraft Corp.* (482 F2d 1079, 1083). There plaintiff was a California corporation authorized to do business in Massachusetts. In a suit brought in Massachusetts, the three defendants were foreign corporations which had ordered goods from plaintiff that were manufactured in Massachusetts. One defendant was held subject to in personam jurisdiction because of its extensive participation in the production of the goods, but the remaining two defendants were not, as they were characterized as "passive purchasers" *(Whittaker Corp. v United Aircraft Corp., supra,* p 1084). That analysis is consistent with the rule that jurisdiction will not attach where there is no showing that the defendant has purposefully availed itself of acting in the forum State or that by its act it has caused consequences there which are substantial enough to make the exercise of jurisdiction reasonable (see *Southern Mach. Co. v Mohasco Inds.,* 401 F2d 374, 381). Thus in applying the "minimum contacts" rule, there is a rational distinction to be made between an out-of-State purchaser who aggressively solicits a business transaction and participates in some way in the production of the subject goods, and one whose business is solicited and who "simply places an order and sits by until the goods are delivered" *(Whittaker Corp. v United Aircraft Corp., supra,* p 1084).

On the basis of tests generally employed in evaluating a State's assertion of jurisdiction over a nonresident defendant (see, e.g., *World-Wide Volkswagen Corp. v Woodson,* 444 US 286), there is abundant reason for rejecting Florida's exercise of jurisdiction in this case. It is fair to conclude that plaintiff's Florida division conducts business at least on a national scale and in doing so its agents in the various States solicit the purchase of its products. Defendant does no business in the State of Florida, never appeared there, and has no office or agent in that State. Defendant's purchase of plaintiff's products was solicited by plaintiff's agent in New York. It does not appear that the goods were specially manufactured at defendant's instance or to its special order or design. Indeed, the conclusion is inescapable on this record that the goods were shipped from stock on hand. After placing the order in New York, defendant's sole relationship to the transaction was to sit back and await delivery of the shipment.

In such circumstances it may not be said that defendant purposefully availed itself of the privilege of conducting activities within Florida, thus invoking the benefits and protection of its laws *(Hanson v Denckla,* 357 US 235, *supra).* Nor may it be said that the defendant fairly contemplated that upon any breach of the contract it would be subject to suit in that State (see *World-Wide Volkswagen Corp. v Woodson, supra).* In that connection it is again to be noted that plaintiff is a New York corporation operating in this case through its Florida division. Certainly there was no bar to the commencement in New York of plaintiff's suit for breach of contract. This State clearly has jurisdiction and there has been no demonstration that it would have been inconvenient for plaintiff to have brought the action here.

It would be neither fair nor reasonable in the circumstances of this case to hold that defendant was required to defend this action in Florida. The judgment there was rendered in violation of due process and accordingly is not entitled to full faith and credit in this State *(Pennoyer v Neff,* 95 US 714, 732-733).

The order granting plaintiff's motion for summary judgment and the judgment thereon should be reversed and the action dismissed.

CARDAMONE, HANCOCK, JR., CALLAHAN and WITMER, JJ., concur.

Order and judgment unanimously reversed, on the law and facts, with costs, plaintiff's motion denied and action dismissed.