■ WILLIAM C. RODDY et al., Respondents, v PAUL A. SCHMIDT et al., Appellants. — Appeal from that part of an order of the Supreme Court at Special Term (Soden, J.), entered December 31, 1980 in Saratoga County, as denied a cross motion by defendants for dismissal of the complaint on the grounds of lack of in personam jurisdiction and *forum non conveniens.* Plaintiffs, husband and wife, commenced this action on June 29, 1979 and July 13, 1979 by the service of a summons on defendants in Florida. The verified complaint states that defendants are all residents and/or corporations of the State of Florida and that plaintiffs are residents of "Northville, located in the Town of Edinburg, County of Saratoga, State of New York". As a first cause of action, plaintiffs allege that defendants undertook to find a purchaser for their property in Northville in or about December of 1975. It is alleged that as a result of the efforts of defendants, which included meeting with a representative of the Salvation Army at the property in the Town of Edinburg, the property was transferred by plaintiffs to the Salvation Army and the latter created a form of trust referred to as a "Uni-Trust" for the benefit of plaintiffs with payments to be made to plaintiffs in each of the 10 succeeding years. Thereafter, in 1976, plaintiffs entered into an agreement whereby they transferred real and personal property located in Florida to defendants as a

commission for effectuating the transfer of the property in Northville. However, because of the inability of the Salvation Army to perform its "Uni-Trust" agreement, it transferred the Northville property back to plaintiffs in April of 1979. Plaintiffs allege that they demanded a return of the commission or its equivalent of $30,000 in cash and defendant refused. Accordingly, they now seek $30,000 in damages for breach of the original "oral agreement". As a second cause of action, plaintiffs additionally allege that defendants were guilty of fraud and deceit in seeking and receiving the commission when in fact plaintiffs had received no benefits from the transfer of the property to the Salvation Army. Particularly, in this cause of action, it is alleged that there was fraudulent collusion between the individual defendant, David R. Cave, and a representative of the Salvation Army after the transfer of the properties (in Northville and Florida), and further that there had been a fraudulent misrepresentation by defendants as to their legal authority to carry on business in New York State. As a third cause of action, plaintiffs seek a return of the commission ($30,000) plus punitive damages upon the allegation that defendants violated article 12-A of the Real Property Law by acting as unlicensed real estate brokers in the State of New York. Defendants filed an answer which, *inter alia,* admitted their Florida residences and specifically denied the allegation of the complaint setting forth that plaintiffs resided in Northville, State of New York. The answer further alleged for an affirmative defense: "SEVENTH: That the Court does not have Jurisdiction over the Defendants of [sic] the subject matter. EIGHTH: That the plaintiffs are non-residents of the State of New York." In response to a demand for a bill of particulars, plaintiffs stated that they are registered to vote in the State of Florida. Plaintiffs also stated that their original agreements with defendants were made in Florida in 1976, and that the copy of their agreement with the Salvation Army, which was made in 1979 and which revoked and canceled their original agreement with that entity, shows they executed it and accepted delivery thereof in Lee County in the State of Florida. Plaintiffs attached a copy of the deed by which the Salvation Army returned the property to them and it recites their address as of April 10, 1979 as being in Florida. The order now on appeal was entered to dispose of a motion by plaintiffs seeking to compel defendants to appear in the State of New York for examination before trial. A cross motion by defendants sought, among other things, dismissal of the complaint on the ground of *forum non conveniens* or lack of personal jurisdiction. In addition to the above material evidence of the residence of plaintiffs, defendants submitted voter registration records of plaintiffs showing that they registered in Florida on August 12, 1978 and that plaintiff William Roddy voted there in 1978, and, real property tax receipts showing that for the year 1978 a homestead exemption was claimed by plaintiffs in Florida. Further, defendant Cave submitted an affidavit reciting that in order to qualify for such a homestead exemption under the laws of Florida, one must be a legal resident as of December 31 of the year in which the exemption is claimed. Cave further deposed that the arrangement between defendants and plaintiffs was simply "to find a suitable organization for the creation of a charitable Uni-Trust * * * and [was] not * * * to be a broker for a sale of said property". Cave further alleged: "The work of finding a charitable trust took place in Florida, the finders fee agreement was signed in Florida, and all communication and negotiations between the parties took place in that State." Counsel for plaintiffs submitted his affidavit in opposition to the cross motion for a dismissal and did not thereby controvert any of the facts alleged by Cave and/or referred to above. As previously noted, this action was commenced by service of a summons on defendants in June and July of 1979. With the

exception of the complaint herein all of the documents show that plaintiffs were not domiciliaries of the State of New York at the time the action was commenced. There is no denial of the specific allegations made by defendant Cave that the agreement had nothing to do with the sale or transfer of the real property in the State of New York except incidentally to the creation of a trust, and that defendants were retained solely to find a charitable organization to participate in the creation of a trust. The record is plain that the sole purpose of the transfer of the real property was to create a trust, and that there was never any intent that defendants were to bring about or accomplish a sale of the premises. Plaintiffs' bald assertions in the complaint are inadequate to demonstrate any issue of fact as to the nature and intent of their retainer of defendants. Defendants' cross motion to dismiss for lack of jurisdiction should have been granted. Plaintiffs in their brief concede that upon this record there is no basis for jurisdiction pursuant to CPLR 301. The record is further quite clear that defendants did not in any way engage in doing business in New York, as all of their negotiating and contracting occurred in Florida. The single visit to New York by one of the defendants is insufficient. (Cf. *Money-Line, Inc. v Cunningham,* 80 AD2d 60, for discussion of due process requirements of "long arm" jurisdiction.) Accordingly, plaintiffs have failed to establish a basis for jurisdiction pursuant to the provision of CPLR 302 (subd [a], par 1). Plaintiffs contend that they have pleaded a basis for jurisdiction pursuant to CPLR 302 (subd [a], pars 2, 3). However, their pleading fails to establish a tortious act having any effect in New York. The allegations are insufficient to establish any fraud and deceit as to the payment of a fee to defendants or their subsequent transfer of such assets. The remaining allegations are inadequate either to establish a tort in New York State or any tort in Florida having an effect in New York State. The complaint should have been dismissed for lack of personal jurisdiction in New York State. Order modified, on the law, by reversing so much thereof as denied defendants' cross motion, and cross motion granted dismissing the complaint for lack of personal jurisdiction over defendants, and, as so modified, affirmed, with costs to defendants. Mahoney, P. J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.