■ PETER ALDIN, Appellant-Respondent, v ROSEMARIE ALDIN, Respondent-Appellant.—Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about October 20, 1988, which *inter alia*, directed the release from escrow of $65,000 to defendant wife, as well as payment of $15,000 from plaintiff husband to the wife as counsel fees, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the award of counsel fees without prejudice to renewal of the application before the trial court and, as modified, affirmed, without costs.

The record does not support an interim award of counsel fees to the wife prior to the consolidated trial ordered by the court. There is no affidavit of services by her attorneys, which is an essential requirement for such relief *(McKean v McKean,* 100 AD2d 537, 538). Such an omission is particularly significant in this case, where a large portion of counsel's services

may have been devoted to support of the wife's dilatory tactics in obstructing for over five years the court-ordered sale of the marital residences jointly owned by the parties. Any liability of the husband to pay for services rendered in connection with delay of the sale and the holding of the wife in contempt can only be established after a full exploration at trial of the equities involved and other pertinent considerations.

We approve, as well within the discretionary power of the IAS court, an advance distribution to the wife of the sum of $65,000 from the escrowed avails of the residence sale. In light of this disbursement to her, we find an insufficient basis for the IAS court's determination that the wife lacked funds of her own to compensate her counsel without unduly depleting her assets (see, Domestic Relations Law § 237). This issue is also better left to development at trial. Concur—Kupferman, J. P., Milonas, Ellerin and Wallach, JJ.