■ SUSI CONTRACTING COMPANY, INC., Respondent, v HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.—Order, Supreme Court, New York County (Martin B. Stecher, J.), entered July 16, 1990, which upon renewal and reargument denied defendant-appellant Hartford's motion pursuant to CPLR 5021 (a) (2) for an order directing entry of satisfaction of a 1972 New York County judgment obtained by plaintiff-respondent Susi against Hartford as surety on an appeal bond, unanimously affirmed, without prejudice to any further proceedings that may be had before the Connecticut Superior Court. The appeal from the order of the same court entered February 14, 1990, is dismissed as superseded by the appeal from the foregoing order.

Hartford's attempt to serve notice of its Connecticut interpleader action upon Susi by serving a Connecticut attorney, whom it believed represented Susi, was inadequate under applicable Connecticut law, and the apparently unauthorized appearance of that Connecticut attorney for Susi did not confer jurisdiction of the Connecticut court over it *(see, Amusement Sec. Corp. v Academy Pictures Distrib. Corp.,* 251 App Div 227). As it is clear from the record that the Connecticut court did not obtain jurisdiction over Susi, the Connecticut judgment was properly denied full faith and credit as against Susi *(see, Pennoyer v Neff,* 95 US 714; *see also, Gladding Corp. v Balco-Pedrick Parts Corp.,* 76 AD2d 1). Additionally, Hartford has failed to offer any competent evidence that its liability pursuant to the New York County judgment was fully discharged by the Connecticut Superior Court, either by the court's grant of Hartford's motion to deposit funds into court, or by its dismissal of Hartford's interpleader action *(see,* CPLR 5021).

Finally, although various court orders over the years 1972 through 1983 precluding payment by Hartford, and receipt by Susi, of the amount awarded pursuant to the New York County judgment, would toll the accrual of interest on the judgment award *(see, e.g., Moscow Fire Ins. Co. v Heckscher & Gottlieb,* 260 App Div 646, *affd* 285 NY 674), neither party has set forth sufficient evidence of specific effective dates of such orders, and thus a determination of interest accrual cannot be made on the record before the court. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.