■ MERYL FRAGUELA, Respondent-Appellant, v ALEJANDRO FRAGUELA, Appellant-Respondent.—Mikoll, J. (1) Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered February 23, 1990 in Putnam County, which, *inter alia,* granted defendant's motion to dismiss those portions of the complaint seeking a judgment of divorce, and (2) cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of said court, entered August 2, 1990 in Putnam County, which partially granted plaintiff's motion for, *inter alia,* temporary maintenance and counsel fees.

This appeal poses the issues of (1) whether Supreme Court properly ruled that a default divorce obtained by defendant in Puerto Rico was entitled to full faith and credit and could not be challenged in this action, (2) whether the court properly denied plaintiff's motions for a stay, for a waiver of the requirement that plaintiff furnish a statement of net worth and an attorney's affidavit (22 NYCRR 202.16 [g]), and for leave to replead to assert an action for judgment declaring the Puerto Rican divorce invalid for fraud, and (3) whether the court properly awarded plaintiff temporary maintenance and counsel fees.

The parties were married in New York in 1981 and had no children. In 1988 defendant commenced an action for divorce

in Puerto Rico and obtained service of process on plaintiff in New York. Plaintiff was represented by Brian Stone through December 6, 1989 when, after a disagreement as to how to proceed, he was discharged. During this period of representation Stone negotiated with defendant's Puerto Rican attorney and believed that he had obtained a telephone agreement, later confirmed by letters, with the Puerto Rican attorney whereby defendant would postpone seeking a judgment in the Puerto Rican action pending settlement negotiations. However, a judgment of divorce was nevertheless pursued and obtained by default in Puerto Rico.

Stone subsequently received notice of the default and this action was commenced seeking, *inter alia,* a divorce, maintenance, equitable distribution and counsel fees by service of a summons and complaint on defendant in Puerto Rico on June 3, 1989. Defendant moved to dismiss, strike or correct the complaint on the basis of the 1989 Puerto Rican judgment of divorce. However, after discharging Stone, plaintiff continued in the action without the benefit of counsel. She cross-moved to stay the action to obtain substitute counsel or, alternatively, to proceed *pro se.* She also asked for leave to replead if defendant's motion to dismiss was granted, as well as for maintenance pendente lite and for counsel fees. Supreme Court granted dismissal of the divorce portion of plaintiff's complaint, stating that there was nothing to show that the Puerto Rican judgment of divorce was not entitled to full faith and credit and that plaintiff's allegations were best addressed to Puerto Rican courts. Supreme Court also denied plaintiff's cross motion in its entirety. Plaintiff appeals from the order which was entered on February 23, 1990.

Pursuant to a stipulated discovery order, plaintiff served a first and then a second amended complaint requesting that the Puerto Rican divorce judgment be declared invalid in New York or, if found valid, for equitable distribution. Plaintiff then sought by order to show cause to stay the February 23, 1990 order pending appeal, to vacate the stipulated discovery order, an award of $1,400 a week in maintenance, $25,000 in counsel fees, a direction compelling defendant to file a statement of net worth, and a default with sanctions against defendant for his failure to file the statement. Defendant, in opposing the show cause order, filed his net worth statement. Supreme Court denied any stay, found no grounds to vacate the discovery order, but did order defendant to pay $400 a week in temporary maintenance and $7,500 in counsel fees. However, the court refused to impose sanctions against defen-

dant since he filed a statement of net worth. Defendant appeals from so much of the order entered August 2, 1990 as granted $400 a week in temporary maintenance to plaintiff and counsel fees. Plaintiff also cross-appeals from that order.

In our view, Supreme Court erred in finding the Puerto Rican divorce valid. Although the judicial proceedings of Puerto Rico are, under Federal statute, entitled to full faith and credit in the courts of New York (see, 28 USC § 1738), the judgment in question can be impeached by proof that it was procured by fraud (see, Krasne's, Inc. v Sterling Arms Corp., 47 AD2d 130, 132).

In the case at bar plaintiff states facts showing that, despite an agreement to postpone proceedings in the Puerto Rican litigation pending settlement negotiations, defendant went forward and obtained a judgment by default. This is fraud extrinsic to the underlying dispute and, if proven, is sufficient to warrant vacatur of the foreign judgment (see, Altman v Altman, 150 AD2d 304, 306-307, lv denied 74 NY2d 612). Plaintiff claims that because of the agreement to negotiate she failed to make her defense in the Puerto Rican action and was lulled into a false sense of security (see, Tamimi v Tamimi, 38 AD2d 197, 203-204; see also, Shaw v Shaw, 97 AD2d 403). Therefore, the portion of the February 23, 1990 order dismissing that part of the complaint seeking a divorce was in error.

Nevertheless, Supreme Court did not abuse its discretion in denying plaintiff's cross motion to stay the litigation or, alternatively, for leave to prosecute the matter pro se because she voluntarily dismissed her attorney and, having done so, could not assert that her lack of representation prevented her from further action in the litigation (see, Pemberton v Dolphin Dev. Corp., 134 AD2d 23; Tesoriero v Tesoriero, 114 AD2d 1027). Furthermore, the court in its February 23, 1990 order properly declined to waive the requirements set forth in 22 NYCRR 202.16 (b) and 22 NYCRR 202.16 (g) that a statement of net worth be furnished in the official form prescribed when applying for maintenance (see, Koch v Koch, 134 AD2d 574; Lehmann v Lehmann, 126 AD2d 609). Therefore, in view of plaintiff's failure to comply, Supreme Court properly denied maintenance in its February 23, 1990 order.

Plaintiff's contention that Supreme Court erred in denying her motion to replead in its order of February 23, 1990, however, has merit. Under CPLR 3025 (b), leave to amend should generally be freely given. However, the amendment plaintiff seeks here has been substantially accomplished by

her second amended complaint, served pursuant to the direction of Supreme Court, seeking a declaration that the Puerto Rican divorce is invalid and renders moot this request to so replead.

We also agree with defendant's argument that Supreme Court's order of August 2, 1990 awarding plaintiff temporary maintenance in the sum of $400 a week was improper because the court failed to enumerate the factors it considered and the reasons for its decision (see, Domestic Relations Law § 236 [B] [6] [b]). Supreme Court indicated that it made the award of temporary maintenance based upon "the needs, finances and circumstances and standard of living of the respective parties". This statement is conclusory. Supreme Court's failure to make adequate factual findings does not permit review of its decision awarding maintenance (see, Schelling v Schelling, 145 AD2d 856; LoMuscio-Hamparian v Hamparian, 137 AD2d 500, 501). A remittal is therefore necessary so that the court may state the reasons for its award of maintenance in conformity with the requirements of Domestic Relations Law § 236 (B) (6) (b) and an informed review may be had on any further appeal from the order.

Finally, we reject defendant's contention that because of plaintiff's failure to supply an attorney's affidavit pursuant to 22 NYCRR 202.16 (g) (2), the award of $7,500 for interim counsel fees is improper. While, in general, a court may not consider the request for counsel fees without such an affidavit being furnished (see, Aldin v Aldin, 149 AD2d 348), a departure from the rule is warranted here. This application is a departure from the norm in that plaintiff discharged her initial attorney, is not seeking funds to continue counsel's services and, based on substantial efforts to obtain new counsel, indicates that she does not have the resources or funds to hire new counsel without payment of substantial funds in advance. She thus finds herself unable to obtain an affidavit without hiring counsel but has no funds to hire such counsel. Since an award of counsel fees may be made to a spouse "as, in the court's discretion, justice requires" (Domestic Relations Law § 237 [a] [5]), it does not appear that Supreme Court erred in awarding plaintiff prospective counsel fees (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Ross v Ross, 157 AD2d 652).

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order entered February 23, 1990 is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion to dismiss those portions of the complaint requesting a judgment of divorce and

denied so much of plaintiff's cross motion as sought leave to replead to assert a cause of action seeking a declaration that the Puerto Rican judgment of divorce is invalid; motion denied to that extent and cross motion granted to that extent; and, as so modified, affirmed. Ordered that the order entered August 2, 1990, is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as awarded plaintiff temporary maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.