■ In the Matter of DEBORAH CHESKO, Appellant, v JAMES F. CHESKO, JR., Respondent. [710 NYS2d 721] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 6, 1999, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for willfully failing to obey a prior child support order.

In October 1998, petitioner filed two petitions against respondent, her former husband. The first sought modification of a child support order based upon the claim, *inter alia*, that since 1995, respondent's income has significantly changed. This petition was granted by the Hearing Examiner and the objections filed by respondent were denied by Family Court; respondent did not appeal from that order. The second petition, for contempt, alleged that respondent was found chargeable with the support of his children by court order dated July 3, 1995 and that respondent: "failed to obey the order of this Court in that: Respondent failed to report any changes in compensation, some of which were quite substantial, to either Support Collection Unit or to Petitioner during the last three years until the actual day of the hearing for the initial Petition for Violation on July 6, 1998."

Respondent moved to dismiss this petition, both before and after the hearing, upon the ground that the petition was

facially defective and violated respondent's due process rights, there being no Family Court order of support dated July 3, 1995. Respondent further moved to dismiss the petition on the basis that the evidence adduced during the hearing demonstrated that respondent had given petitioner notice with respect to his annual changes in income.

The Hearing Examiner dismissed the violation petition on due process grounds, finding that it did not specifically refer to an existing Family Court order which required respondent to report any changes in income to the Support Collection Unit and petitioner. Further, the Hearing Examiner denied petitioner's request to amend the petition to conform to the proof to include existing Family Court orders which did direct respondent to report any change in income, based on his belief that the record contained no testimony which referred to any specific order. Despite this ruling, the Hearing Examiner found that the testimony established that respondent had communicated his changes in income to both petitioner and the Support Collection Unit during the relevant time period and, therefore, no willful violation of the orders of Family Court had occurred. Petitioner filed written objections to this decision alleging failure to take judicial notice of the prior orders of Family Court and failure to conform the pleadings to the proof despite petitioner's request to do so. Family Court denied petitioner's objections and this appeal ensued.

"It is well settled that a variance between the pleadings and the proof 'may be disregarded unless it can be said to have misled an adversary and occasioned prejudice'" (*Hummel v Vicaretti*, 152 AD2d 779, 780, *appeal dismissed* 75 NY2d 809, quoting *Sharkey v Locust Val. Mar.*, 96 AD2d 1093, 1094). Here, the parties had appeared in Family Court with respect to child support on numerous occasions resulting in six different orders, all of which either required, or referred to orders which required, respondent to, *inter alia*, notify the Broome County Support Collection Unit and petitioner of any "changes in employment status affecting compensation received including rate of compensation or loss of employment". Given the absence of any demonstrated substantial prejudice to respondent, we believe that it was error not to grant petitioner's post-hearing motion to conform the pleadings to the proof pursuant to CPLR 3025 (c). Since the Hearing Examiner took judicial notice of all prior support orders and since the substantive allegation of the petition clearly alleged the basis for the violation, it was improvident to deny the motion simply because it did not specifically refer by date or entry to a prior order of

Family Court. It is not contested that the previously issued Family Court orders of support imposed this obligation upon respondent.

Similarly, we find no merit to respondent's contention that amendment of the petition would violate his due process rights regarding reasonable notice of the specific charge against him or deprive him of an opportunity to prepare and present a defense (see, Matter of Commissioner of Social Servs. of Chemung County [Rynkowski] v Pronti, 227 AD2d 705). The nature of the evidence presented by respondent clearly establishes that he had adequate notice and opportunity to defend his alleged failure to report changes in income pursuant to Family Court's prior orders. Further, there is absolutely no indication that respondent's evidence would have differed in any way had the petition contained the correct date of any prior Family Court order. Thus, since respondent has demonstrated no prejudice which would have been suffered by conforming the pleadings to the proof, the denial of the motion was error.

Notwithstanding the denial of the motion to conform the pleadings to the proof, the Hearing Examiner determined that respondent was nonetheless not in willful violation. This finding was premised upon respondent's claim that he orally advised petitioner of pay raises, that the approved forms of the Support Collection Unit were inadequate since they did not provide space or specific language to advise the Support Collection Unit of any increases in pay, and petitioner's concession that she was notified of respondent's pay increases immediately prior to the dismissal of her petition in August 1998. While we perceive no basis for disturbing the finding that there was no willful violation established on this record, we do observe that the fact that the approved Support Collection Unit form contained no specific area for reporting pay increases did not operate to relieve respondent of his court-ordered obligation to report such changes.

Finally, we hold that the Hearing Examiner properly denied petitioner's application for a discretionary award of counsel fees. Petitioner's counsel failed to submit a proper affidavit setting forth the basis for the counsel fees claimed (see generally, Fraguela v Fraguela, 177 AD2d 910, 913; Aldin v Aldin, 149 AD2d 348, 349). In this regard, petitioner's application was denied without prejudice to a subsequent application which is not disclosed by the record. We find no abuse of discretion in this denial.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.