# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

891

CA 10-02518

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

STEVEN M. GARBER & ASSOCIATES, A PROFESSIONAL
CORPORATION, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

KIM JOHN ZUBER, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

HARTER SECREST & EMERY LLP, ROCHESTER (THOMAS G. SMITH OF COUNSEL),
FOR DEFENDANT-APPELLANT.

PETER M. AGULNICK, P.C., GREAT NECK (PETER M. AGULNICK OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 21, 2010. The order granted the motion of plaintiff for summary judgment in lieu of complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced this action to enforce a judgment entered in California upon the default of Kim John Zuber (defendant). Contrary to defendant's contention, Supreme Court properly granted the motion. "Absent a jurisdictional challenge, a final judgment entered upon the defendant's default in appearing in an action is . . . entitled to be given full faith and credit in the courts of this State" (*GNOC Corp. v Cappelletti*, 208 AD2d 498; *see Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577, *rearg denied* 79 NY2d 916, *cert denied* 506 US 823). Here, the record establishes that the California court had jurisdiction over defendant and that defendant admits that process was properly served upon him in New York (*cf. Vertex Std. USA, Inc. v Reichert*, 16 AD3d 1163). We agree with the court that plaintiff established that defendant had "certain minimum contacts with [California] so that the maintenance of the suit [there] would not offend traditional notions of fair play and substantial justice . . . and [that defendant] has purposefully [availed himself] of the privilege of conducting activities within the forum State, [i.e., California,] thus invoking the benefits and protections of its laws" (*Money-Line, Inc. v Cunningham*, 80 AD2d 60, 62; *see Hanson v Denckla*, 357 US 235, 253, *reh denied* 358 US 858;

*International Shoe Co. v Washington*, 326 US 310, 316).