# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1140**

**CAF 13-00708**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF JOANNA BARTON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM BARTON, RESPONDENT-APPELLANT.

---

CYNTHIA FEATHERS, GLENS FALLS, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 25, 2012 in a proceeding pursuant to Family Court Act article 4. The order granted petitioner an upward modification of child support.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order granting petitioner mother an upward modification of child support. Pursuant to an agreement of the parties that was incorporated but not merged in their judgment of divorce, the parties agreed with respect to child support that, "in the event that either party's income increases or decreases by 25% through no fault of their own, either may petition the Court for a de novo review of their respective child[ ] support obligations and school cost contributions." In her petition, the mother alleged that her income had decreased by 25%. After a hearing, the Support Magistrate determined that the father had more than a 25% increase in income, and thereafter calculated the father's child support obligation in accordance with the Child Support Standards Act ([CSSA] Family Ct Act § 413).

Although he does not dispute that his income has increased more than 25%, the father contends that the Support Magistrate should have dismissed the petition after finding that the mother failed to demonstrate that she had a 25% decrease in income. We reject that contention. While the father is correct that Family Court Act § 441 requires a court to dismiss a petition for modification of child support if the allegations of the petition are not established by competent proof, we note that pleadings are to be liberally construed (*see* CPLR 3026; Family Ct Act § 165 [a]) and that courts may sua sponte conform the pleadings to the evidence (*see* CPLR 3025 [c]; *Harbor Assoc. v Asheroff*, 35 AD2d 667, 668, *lv denied* 27 NY2d 490; *see also* CPLR 3017 [a]). We conclude that the Support Magistrate properly conformed the petition to the proof, and we reject the father's

contention that he was prejudiced thereby (*see Matter of Heintz v Heintz*, 28 AD3d 1154, 1154-1155; *Matter of Chesko v Chesko*, 274 AD2d 729, 730).

We reject the father's further contention that the amount of child support awarded was unjust and inappropriate (*see* Family Ct Act § 413 [1] [f]). Although the father's visitation expenses were extraordinary inasmuch as he lived and worked in New York City but also maintained a home in Syracuse to visit the children on weekends, that was simply one factor for the court to consider (*see* § 413 [1] [f] [9]). The father also notes that his child support obligation as set forth in the agreement was less than what would be the amount under the CSSA because, inter alia, he agreed to pay for the children's private school tuition without contribution from the mother. He contends that, "[g]iven this linkage, it made no sense [for the Support Magistrate] to keep the father's tuition obligation intact (with a negligible contribution from the mother), while quadrupling his basic support." We reject that contention. The Support Magistrate ordered the mother to pay her pro rata share of the private school tuition and, while the father dismisses the mother's contribution as negligible, that is a function of the vast disparity in income between the parties. We have considered the father's remaining contentions and conclude that they are without merit.

Entered:  November 8, 2013                     Frances E. Cafarell
                                               Clerk of the Court