# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1233**
**CAF 14-02269**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KATHLEEN MARTIN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES J. FLYNN, RESPONDENT-APPELLANT.

---

MUSCATO & SHATKIN, LLP, BUFFALO (MARC SHATKIN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (DAVID E. GUTOWSKI OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, R.), entered September 19, 2014 in a proceeding pursuant to Family Court Act article 8. The order, among other things, granted the petition, directed respondent to observe the conditions of behavior specified in an order of protection, placed respondent on probation for one year, and ordered respondent to obtain a mental health evaluation and to follow any treatment recommendations.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph, and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order finding that he committed the family offense of harassment in the second degree (Family Ct Act § 821 [1] [a]; Penal Law § 240.26 [3]). Family Court issued a five-year order of protection in favor of petitioner, placed respondent on probation for a period of one year, and ordered that respondent obtain a mental health evaluation. We reject respondent's contention that the court improperly admitted evidence of conduct not alleged in the family offense petition, and we conclude that, upon petitioner's motion, the court properly exercised its discretion to amend the allegations of the petition to conform to the proof (*see* CPLR 3025 [c]; *Matter of Barton v Barton*, 111 AD3d 1348, 1349; *Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1438-1439).

We reject respondent's further contention that the evidence adduced at the hearing did not establish harassment in the second degree. The determination whether respondent committed a family offense was a factual issue for the court to resolve, and "[the] court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if

supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 44; *see generally Matter of Arlene E. v Ralph E.*, 17 AD3d 1104, 1104).  Based on the evidence presented at the hearing, we conclude that the court properly determined that respondent committed the family offense of harassment in the second degree.

Contrary to respondent's contention, Penal Law § 240.26 (3) does not unconstitutionally restrict his freedom of speech.  Section 240.26 (3), by its own terms, prohibits "a course of conduct" aimed at harassing another.  That clause "excludes constitutionally protected speech from its reach [and] plainly distinguishes [the] statute from those which impose criminal liability for 'pure speech' " (*People v Shack*, 86 NY2d 529, 535).

We reject respondent's further contention that the court exceeded its authority by placing respondent on one year of probation and issuing a five-year order of protection.  The Family Court Act explicitly grants the court the authority to place a respondent on probation for a period of up to one year (*see* Family Ct Act § 841 [c]).  Similarly, upon the court's finding that respondent had violated a prior order of protection, it was authorized to issue a new order of protection for a period of up to five years (*see* Family Ct Act § 842).

We agree with respondent, however, that the court erred in ordering him to obtain a mental health evaluation.  The court did not order the evaluation as a condition "necessary to further the purposes of" the order of protection (Family Ct Act § 842 [k]), and the court was not otherwise authorized to order the evaluation pursuant to Family Court Act § 841.  We therefore modify the order by vacating the ordering paragraph directing respondent to obtain a mental health evaluation.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court