Matter of Pike v Bigelow (2018 NY Slip Op 07006)





Matter of Pike v Bigelow


2018 NY Slip Op 07006


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

524965

[*1]In the Matter of STEVEN PIKE, Respondent,
v
AMIE BIGELOW, Appellant. (And Another Related Proceeding.)

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Rebecca L. Fox, Plattsburgh, for respondent.
Reginald H. Bedell, Elizabethtown, attorney for the children.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Essex County (Meyer, J.), entered February 1, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2010 and 2012). The parties shared custody of the children pursuant to a June 2015 order and their parenting time was set forth therein. On January 3, 2017, the father filed a petition alleging that the mother violated the terms of the June 2015 order by being inflexible and refusing his visitation with the children on birthdays and holidays and that exchanges did not take place in a neutral location. The father also filed an emergency application, via order to show cause, to allow him phone, mail or email contact with the children while he was away at the Army Reserves Boot Camp. On January 10, 2017, the mother filed a petition to modify the June 2015 order seeking sole physical and legal custody of the children. The mother also filed an emergency application, via order to show cause, seeking the same relief set forth in her petition.
The parties appeared on January 18, 2017, but the matter was adjourned so that the father could obtain counsel. That same day, Family Court issued a temporary order of custody and visitation directing that the children be made available to speak with the father when he had a chance to speak to them and that the children be allowed to write to the father. When the parties reappeared on January 23, 2017, the father's counsel advised the court that the mother had denied the father parenting time with the children on January 22, 2017. Family Court indicated that it would hear testimony on this issue. Following a hearing, Family Court, in an order entered in February 2017, found that the mother violated the June 2015 order by denying the father [*2]parenting time on January 22, 2017. Family Court sentenced the mother to 30 days in jail but suspended the sentence so long as the mother complied with certain conditions as provided in the February 2017 order. The mother now appeals.
We agree with the mother that she was not given adequate notice of the allegation forming the basis of Family Court's determination. In granting the father's violation petition, Family Court found that the mother violated the June 2015 order by denying the father parenting time on January 22, 2017. Any denial of visitation on this specific date, however, was never alleged by the father in either his violation petition or his emergency application. Rather, this claim was raised for the first time when the parties appeared before Family Court on January 23, 2017. Moreover, Family Court did not entertain any proof with respect to the actual allegations in the father's pleadings. In this regard, when the mother's counsel inquired as to the purpose of the January 23, 2017 hearing, Family Court responded that it was to address specifically what transpired on January 22, 2017. Furthermore, there is no indication in the record that the father moved to amend his pleadings to add an allegation relating to the January 22, 2017 incident (compare Matter of Tina T. v Steven U., 243 AD2d 863, 864 [1997], lv denied 91 NY2d 805 [1998]) or moved to conform the pleadings to the proof adduced at the hearing after the parties testified (cf. Matter of Elijah NN., 66 AD3d 1157, 1159 [2009], lv denied 13 NY3d 715 [2010]; compare Matter of Chesko v Chesko, 274 AD2d 729, 730 [2000]). Under these circumstances, we find that the mother was unable to defend herself against a newly raised allegation (see generally Matter of Mosso v Mosso, 6 AD3d 827, 828-829 [2004]) and that Family Court erred in determining that the mother violated the June 2015 order. Accordingly, the matter must be remitted for a new hearing. In view of our determination, the mother's remaining contentions are academic.
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court's decision.